Filed 9/8/15  P. v. Adkins CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063576 |
| v. | (Super.Ct.No. SWF1500302) |
| WILLIAM D. ADKINS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Judith C. Clark, Judge.
Affirmed.

Nancy S. Brandt, under appointment by the Court of Appeal, for Defendant and
Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a negotiated plea agreement, defendant and appellant William D.

Adkins pled guilty to receiving stolen property (Pen. Code, § 496d, subd. (a)); in return,

the remaining charges and enhancement allegations were dismissed and defendant was

1

sentenced to a stipulated term of one year four months in state prison with credit for time served. Defendant appeals from the judgment, challenging the validity of the plea based on ineffective assistance of counsel. We find no error and affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND[1]

On December 30, 2014, California Highway Patrol (CHP) Officer Margarita Gerbig saw a commercial three-axle flatbed truck driving on Pechanga Parkway without required commercial vehicle markings on the truck. The officer followed the truck to the Pechanga casino and initiated a traffic stop. Officer Gerbig parked next to the truck and approached the driver of the vehicle, identified as defendant, and noticed a thin, green cable sticking out from underneath the driver's side door.

Officer Gerbig informed defendant the purpose of the stop and requested defendant's driver's license, vehicle registration, and insurance. Defendant was unable to provide his driver's license, claiming his wallet had been stolen. As the officer was speaking with defendant, Officer Gerbig noticed that there was a one-inch company name on the side of the flatbed in addition to a six-digit number, but the letters "CA" as required by the Vehicle Code were missing.

Upon request, defendant provided his driver's license number and date of birth, which were determined to be accurate. When informed that he also needed a commercial license to drive the truck, defendant responded that "Mr. Parker" told him he did not need

_____

[1] The factual background is taken from the preliminary hearing.

2

one.  After defendant waived his constitutional rights, defendant explained that he had met Parker at a gas station and that Parker had offered defendant $500 to drive the truck to the Pechanga casino.  Defendant also stated that Parker told him that he would meet defendant at the casino later; that Parker gave him the keys to the truck; and that afterwards he drove the truck to a rest area and spent the night.  The following day, defendant left the truck at another rest stop, and when he returned, he found that his wallet was missing and the truck's ignition had been punched.  Defendant then "hot-wired" the truck and drove to Temecula to deliver the truck.

CHP Officer Kenny Hagerman called the registered owner of the truck.  The owner informed Officer Hagerman that the truck had been stolen from a utility lot in Rialto on December 23, 2014.

Following a preliminary hearing, on January 28, 2015, an information was filed charging defendant with unlawfully driving and taking a vehicle with a prior vehicle theft conviction (Pen. Code, § 666.5, subd. (a), Veh. Code, § 10851, subd. (a); count 1); receiving a stolen vehicle (Pen. Code, § 496d, subd. (a); count 2); and misdemeanor driving with a suspended license (Veh. Code, § 14601.1, subd. (a); count 3).  The information further alleged that defendant had suffered two prior prison terms within the meaning of Penal Code section 667.5, subdivision (b).

On March 11, 2015, defendant filed a motion to suppress the warrantless detention and search.  Before the motion was heard, on March 20, 2015, defendant entered into a negotiated plea.  He pled guilty to count 2 in exchange for a stipulated term of one year

3

four months in state prison, and dismissal of the remaining charges and allegations. As part of his plea agreement, the People agreed that no further charges would be brought concerning property in or on the vehicle. Defendant also waived his right to appeal except issues pertaining to ineffective assistance of counsel. After directly examining defendant, the trial court found that defendant understood the nature of the charges and the consequences of the plea; that the plea was entered into freely, voluntarily, knowingly, and intelligently; and that there was a factual basis for the plea.

On April 3, 2015, defendant was sentenced in accordance with his plea agreement and awarded 189 days presentence credit for time served.

On May 11, 2015, defendant filed a notice of appeal and request for certificate of probable cause, challenging the validity of the plea based on ineffective assistance of counsel. On May 13, 2015, the trial court granted defendant's request for certificate of probable cause.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


McKINSTER
J.

5